Reversed and Remanded and Majority and Concurring Opinions filed April
7, 2009








Reversed and Remanded and Majority and Concurring Opinions filed April 7,
2009.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-00592-CV

_______________

 

DEBRA J. MEEHL, MARK MEEHL, INDIVIDUALLY AND AS
OFFICERS AND AGENTS OF THE MAUREEN J. MEEHL BIPOLAR/BPD FOUNDATION, INC., AND
THE MAUREEN J. MEEHL BIPOLAR/BPD FOUNDATION, INC., AN ARIZONA NOT FOR PROFIT
CORPORATION A/K/A THE AMEEHL
FOUNDATION@ Appellants

 

V.

 

ALFRED M. WISE, JR., KATHERINE D. WISE, JOHN P. HUNDL,
DONNA G. HUNDL, WILMER CONNER, MARGIE ANN ALEXANDER, JOHN T. HORN, MARTHA G.
HORN, JOHN T. HORN, JR., CHRISTOPHER BLAKE BROADWAY, PAULA LEE BROADWAY, JAMES
ZIMMER, MILDRED ZIMMER, ROBERT GALILEY, PATRICIA GALILEY, BILLY G. PHILLIPS,
BONNIE KAY PHILLIPS, FRANK HLAVINKA, BARBARA HLAVINKA, HOMERO CARDENAS, JANIE
CARDENAS, BILLIE A. PIRTLE, RICHARD ALLEN, JOYCE ALLEN, GEORGE E. HURST, THELMA
HURST, GARY FRUIDENBERG, A.J. LOWERY, JR., RONALD KORCZYNSKI, KATHY KORCZNYSKI,
MATTHEW MOUTON, AND ANNETTE MOUTON, Appellees

                                                                                                               
                                

On Appeal from the 239th District Court

Brazoria County, Texas

Trial Court Cause No. 37460

                                                                                                                                               









C O N C U R R I N G    O P I N I O N

Although I agree with the result
reached by the majority, I respectfully disagree with its construction of
section 123.003(b) to provide Athat as of September 1, 1985, private covenants restricting the
use of property as a community home are not enforceable.@ Ante, at 9.  In addition, I
disagree with the reasoning that A[a]lthough section 123.003(b) does
not apply to bar enforcement of the restrictive covenant in this case, we must
reconcile this section with the conflicting language of section 202.003(b) of
the Texas Property Code.@  Id.

In 1985, the Legislature passed the
Community Homes for Disabled Persons Act and provided that A[a] restriction, reservation,
exception, or other provision in an instrument created or amended on or after
September 1, 1985, that relates to the transfer, sale, lease, or use of
property may not prohibit the use of the property as a community home.@  Tex.
Hum. Res. Code Ann. ' 123.003 (Vernon 2001).  The restrictive covenant at issue in
this case was not Acreated or amended on or after September 1, 1985,@ and on its face, it does not Aprohibit the use of the property as a
community home.@  Thus, this statute does not apply to the restrictive
covenant at issue.

In 1987, the Legislature added
section 202.003 to the Property Code.  This section provides that A[a] dedicatory instrument or
restrictive covenant may not be construed to prevent the use of property as a
family home [now referred to as a community home].@  Tex.
Prop. Code Ann. ' 202.003(b) (Vernon 2007). The covenant at issue in this
case restricts the use of the property to a Asingle family residence,@ but the Neighbors are attempting to
enforce it to prevent the use of the property as a community home.  Unlike
section 123.003(b) of the Human Resource Code, section 202.003 of the Property
Code does apply, and it prevents the court from construing the covenant in the
manner the Neighbors suggest.








There is no tension between the two
statutes.  The 1985 statute, enacted contemporaneously with the Community Homes
for Disabled Persons Act, states in effect that private parties may not Aopt out@ of newly-enacted Act by creating or
amending a restrictive covenant to prohibit the use of the property as a
community home.  It directs parties to refrain from drafting or amending a
restrictive covenant in a particular way, and it is understandably prospective
in its application because one could not draft a covenant Aopting out@ of the Community Homes for Disabled
Persons Act before there was such an Act. 

In contrast, the 1987 statute is
directed at the behavior of courts.  It does not address the way in which
covenants written, but instead targets the way in which they are construed.  In
effect, it prevents courts from construing a covenant, regardless of its
language or date of enactment, to prohibit the use of the property as a
community home.  

I therefore would conclude that
section 202.003(b) of the Property Code applies and section 123.003(b) of the
Human Resource Code does not; I also would not reconcile the two provisions
because I do not believe they conflict.  In all other respects, however, I join
in the majority=s analysis as well as its disposition of the issues. 

 

 

 

 

/s/        Eva M. Guzman

Justice

 

Panel consists of Chief Justice
Hedges and Justices Guzman and Brown (Hedges, C.J., majority).